UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――

| | |
|---|---|
| TRACY BURNETT, | |
| Plaintiff, | CIVIL ACTION NO. 24 Civ. 8725 (RA) (SLC) |
| -v- | **ORDER** |
| CITY OF NEW YORK, et al., | |
| Defendants. | |

**SARAH L. CAVE,** United States Magistrate Judge.

On May 29, 2025, Defendants City of New York/New York City Department of Environmental Protection, Cecil McMaster, Michael Shum, and Michael Weinberg (together, "City Defendants") filed a motion to dismiss Plaintiff's Complaint (ECF No. 60 (the "MTD")). On July 14, 2025, Plaintiff filed a memorandum of law in opposition to the MTD. (ECF No. 67). Plaintiff then filed a revised opposition to the MTD, which the Court accepted as the operative opposition to the MTD. (ECF No. 72-1 (the "Revised Opposition"); see ECF No. 73). On July 17, 2025, without notice to or leave of the Court, Ms. Burnett filed a declaration from her counsel attaching ten exhibits (totaling over 1000 pages) as to which she requests the Court take judicial notice. (ECF Nos. 75–75-8 (the "Declaration and Exhibits")).

On July 21, 2025, the City Defendants filed a letter-motion seeking, inter alia, to strike the Declaration and Exhibits. (ECF No. 76 (the "Letter-Motion")). In response, Plaintiff filed a letter arguing that the exhibits were hyperlinked to the current operative pleading and that her revised opposition sought judicial notice of them. (ECF No. 77 at 1–2). On July 22, 2025, the Court granted the Letter-Motion and struck the Declaration and Exhibits from the record based on their untimeliness and Plaintiff's failure to seek leave of the Court to submit them. (ECF No. 78 (the

"July 22 Order")).  Now before the Court is Plaintiff's Motion for Reconsideration of the July 22 Order, which the City Defendants did not oppose.  (ECF No. 79 (the "MTR")).

Generally, when adjudicating a motion to dismiss, a court may review only a narrow set of materials including: "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken."  Maron v. Legal Aid Society, 605 F. Supp. 3d 547, 557 (S.D.N.Y. 2022).  As is customary, requests to take judicial notice of extrinsic documents are considered at the time that a motion to dismiss is evaluated.  See Ganske v. Mensch, 480 F. Supp. 3d 542, 545–46 (S.D.N.Y. 2020) (taking judicial notice of tweets integral to allegations in complaint and necessary for context when analyzing motion to dismiss); see also Doheny v. Int'l Bus. Machs. Corp., 714 F. Supp. 3d 342, 371 n. 14 (S.D.N.Y. 2024) (taking judicial notice of statement in Securities and Exchange Commission filing when analyzing motion to dismiss).

Accordingly, the MTR is GRANTED to the extent that the July 22 Order is vacated in part, and Plaintiff's Declaration and Exhibits are no longer stricken such that Plaintiff's request for judicial notice of the Exhibits may be considered in conjunction with the MTD.

The Clerk of the Court is respectfully directed to close ECF No. 79.

Dated:     New York, New York          SO ORDERED.
           August 20, 2025

_____
**SARAH L. CAVE**
**United States Magistrate Judge**