UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRACY BURNETT,

                           Plaintiff,

       -v-

CITY OF NEW YORK, et al.,

                           Defendants.

CIVIL ACTION NO. 24 Civ. 8725 (RA) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I.      INTRODUCTION

On November 26, 2024, Plaintiff Tracy Burnett ("Burnett") filed a complaint alleging race, gender, and religious discrimination and hostile work environment claims in violation of:  the Equal Pay Act; the Fourteenth Amendment Equal Protection and Due Process Clauses; 42 U.S.C. § 1983; the New York State Human Rights Law; and the New York City Human Rights Law against the City of New York (the "City"), the New York City Department of Environmental Protection ("DEP"), and several individual defendants (together, "Defendants").  (Dkt. No. 6 (the "Complaint")).  On May 29, 2025, Defendants filed two motions to dismiss the Complaint.  (Dkt. Nos. 58–61 (the "MTDs")).  On February 18, 2026, the Court denied as moot the MTDs, granted Burnett leave to file an amended complaint, and set another briefing schedule should Defendants move to dismiss the amended complaint.  (Dkt. Entry dated Feb. 18, 2026).  On March 16, 2026, Burnett filed the Amended Complaint.  (Dkt. No. 92).  In the Amended Complaint, Burnett mentions that Mervyn Frankel ("Mr. Frankel") was her subordinate at DEP, where he worked as a project manager.  (Dkt. No. 92 ¶¶ 75, 154; see Dkt. No. 95 at 6, 8, 14–15).

Approximately two decades ago, on July 19, 2006, Mr. Frankel initiated a lawsuit alleging employment discrimination against some of the defendants in this action, including the City, DEP, and Cecil McMaster.  (No. 06 Civ. 5450 (LTS) (S.D.N.Y.) ("Frankel Action"), Dkt. No. 1; see Dkt No. 95 at 3–4).  On February 25, 2009, the Honorable Laura Taylor Swain granted the defendants' summary judgment motion and denied Mr. Frankel's summary judgment motion.  (Frankel Action, Dkt. No. 64 (the "SJ Order")).  Mr. Frankel thereafter filed a motion for reconsideration of the SJ Order, which the court also denied.  (Frankel Action, Dkt. No. 76).  Frankel then appealed the SJ Order and the Second Circuit dismissed the appeal for lacking an arguable basis in fact or law.  (Frankel Action, Dkt. No. 83).

Now before the Court is Mr. Frankel's pro se request to intervene as a plaintiff in this action as a matter of right pursuant to Federal Rule of Civil Procedure 24(a).  (Dkt. No. 95 (the "Request")).  In the Request, Mr. Frankel claims that he has an interest in this action because "some of the [D]efendants . . . deliberately destroyed [his] career" and he should be "permitted to clear his name."  (Id. at 4–5).  Burnett takes no position on the Request.  (Dkt. No. 101).  For the following reasons, the Request is DENIED.[1]

## II.     DISCUSSION

### A.  Legal Standards

To intervene as of right under Rule 24(a)(2)[2], the proposed intervenor must "'(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be

---

[1] The Request is a non-dispositive pretrial matter and therefore falls under the undersigned's authority to determine.  See Chen-Oster v. Goldman, Sachs & Co., No. 10 Civ. 6950 (AT) (JCF), 2016 WL 11645644, at *2 (S.D.N.Y. June 6, 2016) (collecting cases); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[2] Rule 24(a)(2) provides that the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the

impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" Granite State Ins. Co. v. KM Tactical, LLC, No. 23 Civ. 7769 (ALC) (GS), 2025 WL 1502019, at *3 (S.D.N.Y. May 27, 2025) (quoting In re N.Y.C. Policing During Summer 2020 Demonstrations, 27 F.4th 792, 799 (2d Cir. 2022)).[3] "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Kamdem-Ouaffo v. Pepsico, Inc., 314 F.R.D. 130, 134 (S.D.N.Y. 2016).

Permissive intervention under Rule 24(b)[4] is "wholly discretionary with the trial court." U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978). "In deciding whether to permit intervention under Rule 24(b), courts generally consider the same factors that are relevant as of right under Rule 24(a)(2)." Olin Corp. v. Lamorak Ins. Co., 325 F.R.D. 85, 87 (S.D.N.Y. 2018). "[T]he principal guide in deciding whether to grant permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" Ferguson v. Ruane Cuniff & Goldfarb Inc., No. 17 Civ. 6685 (ALC), 2019 WL 1434435, at *5 (S.D.N.Y. Mar. 29, 2019). "Other relevant factors include the nature and extent of the intervenors' interests, whether their interests are adequately represented by existing parties, and whether proposed intervenors will significantly contribute to the full development of the suit's underlying factual issues and to the just and equitable adjudication of the legal questions presented." Id. at *2.

---

action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

[3] Internal citations and quotations are omitted from case citations unless otherwise indicated.

[4] Rule 24(b)(1)(B) provides that the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Mr. Frankel does not invoke Rule 24(b)(1)(B), but we consider it for completeness.

Under both Rule 24(a) and Rule 24(b), "the threshold inquiry is whether the application for intervention is timely." Kamdem-Ouaffo, 314 F.R.D. at 134. In determining whether a motion to intervene is timely, courts consider "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." In re Bank of N.Y. Derivative Litig., 320 F.3d 291, 300 (2d Cir. 2003). The most significant of these factors is whether the delay in moving for intervention has prejudiced any of the existing parties. Tatintsian v. Vorotyntsev, No. 16 Civ. 7203 (GHW), 2026 WL 852569, at *2 (S.D.N.Y. Mar. 27, 2026).

**B.  Application**

Mr. Frankel has not met his burden of demonstrating that he is entitled to intervene as a matter of right or by permission of the Court. As a threshold matter, his Request is untimely. "Rule 24(a) requires courts to measure timeliness from the moment when the applicant had actual or constructive notice of its unrepresented interest." Floyd v. City of New York, 302 F.R.D. 69, 86 (S.D.N.Y. 2014). Courts have imputed constructive notice on proposed intervenors at the time of the filing of a complaint addressing the proposed intervenor's interest. See Ferguson, 2019 WL 1434435, at *3 (collecting cases). Here, Mr. Frankel did not file the Request until March 24, 2026, approximately 16 months after Burnett filed the Complaint on November 26, 2024. (See Dkt. Nos. 6; 95). We agree with courts finding that delays of this length render an intervention request untimely. See, e.g., MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 390–91 (2d Cir. 2006) (finding motion to intervene made five months after proposed intervenor had notice of its interests untimely); In re Holocaust Victim Assets Litig., 225 F.3d 191,

198–99 (2d Cir. 2000) (finding eight-month delay untimely); Ferguson, 2019 WL 1434435, at *4 (finding nine-month delay untimely); Kamdem-Ouaffo, 314 F.R.D. at 135 (finding 16- to 19-month delay untimely).

Second, granting the Request would prejudice all the parties as it would necessarily broaden the scope of this litigation. The Court has already set a briefing schedule on Defendants' anticipated motion to dismiss. (Dkt. Entry dated Feb. 18, 2026). Allowing Mr. Frankel to intervene would likely result in another round of pleadings and motion practice that would delay the resolution of this case. See Tatintsian, 2026 WL 852569, at *3 (finding delay resulting from addition of new parties and claims would result in prejudice to existing parties); U.S. Equal Employment Opportunity Comm'n v. Birchez Assocs., LLC, No. 19 Civ. 810 (LEK) (DJS), 2021 WL 1115513, at *2 (N.D.N.Y. Mar. 24, 2021) (stating that permitting new claims and parties 18 months after case commenced would "substantially broaden this litigation" and that motion practice would "necessarily delay discovery"). We also find that Mr. Frankel's attempt to resurrect his own claims from his lawsuit initiated in 2006, which has been closed for over 15 years, will prejudice defendants who already prevailed against Frankel in that action. (See Frankel Action, Dkt. Nos. 1; 64; 76; 83). See also Floyd, 302 F.R.D. at 98 (finding that defendant City of New York would be prejudiced by allowing unions to intervene and represent interests of defendant officers who were already dismissed from that action); Ceribelli v. Elghanayan, No. 91 Civ. 3337 (CSH), 1994 WL 529853, at *1 (S.D.N.Y. Sept. 28, 1994) (finding intervention improper where proposed intervenor sought intervention to revive untimely claim). Accordingly, the Request is untimely and would result in prejudice to the parties.

Finally, Mr. Frankel appears to claim that he has a general reputational interest in this action because he suffered discrimination and retaliation while employed by DEP, which is also a defendant in this case. (See Dkt. No. 95 at 4–6). Mr. Frankel asserts Defendants have "besmirched" him, and the Court should permit him to "clear his name." (Id. at 4).[5] "Courts consistently have held that generalized assertions of an interest in reputation are not sufficiently direct, substantial or legally protectible to give rise to a right to intervene." Florence v. 72andSunny Partners, LLC, No. 25 Civ. 7082 (LJL), 2026 WL 787843, at *2 (S.D.N.Y. Mar. 20, 2026) (collecting cases). Therefore, Mr. Frankel has not shown a cognizable interest in this action, which would warrant permitting him to become a party.

Accordingly, Mr. Frankel has not met the criteria for intervention under either Rule 24(a) or Rule 24(b).

### III.    CONCLUSION

For the reasons set forth above, the Request is DENIED and Mr. Frankel will not become a party to this action nor will he be permitted to submit further filings in this action. The Clerk of the Court is respectfully directed to close Dkt. No. 95.

Dated:      New York, New York                    SO ORDERED.
            April 22, 2026

_____
SARAH L. CAVE
**United States Magistrate Judge**

---

[5] Mr. Frankel states in the Request that he was "besmirched" by the Plaintiffs but we presume that he meant to state "besmirched by the Defendants." (See Dkt. No. 95 at 4).