UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRACY BURNETT,

                        Plaintiff,

        -v-

CITY OF NEW YORK, et al.,

                        Defendants.

CIVIL ACTION NO. 24 Civ. 8725 (RA) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of non-party Mervyn Frankel's motion for reconsideration of the Court's Opinion & Order denying his motion to intervene in this action.  (Dkt. No. 107 (the "MTR"); see Dkt. No. 103 (the "MTI Order")).  Frankel argues that the Court failed to consider certain information, some of which was not on the docket, in evaluating his motion to intervene. (Dkt. No. 107 at 2–3).

### A. Legal Standard

Federal Rule of Civil Procedure Rule 60(b), which governs motions for reconsideration, provides:

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester Cty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

## B. Application

In support of his argument that the Court failed to consider all the relevant information in deciding his request to intervene, Frankel points to the Court's failure to consider documents at Dkt. Nos. 99, 100, and 105. These docket entries consist of the following: (1) emails regarding a reasonable accommodation request made by Frankel when employed at the New York City Department of Environmental Protection (Dkt. No. 99); (2) Frankel's letter to the Court correcting previous filings (Dkt. No. 100); and (3) Frankel's letter to the Court requesting clarification from Defendants regarding Case No. 09 Civ. 8321, a 2009 closed case in this District in which Frankel was a plaintiff (Dkt. No. 105). (Dkt. No. 107 at 2–3).

Here, Frankel has not shown that any of grounds listed in the first five clauses of Rule 60(b) apply. Similarly, he has not demonstrated that relief is warranted under the catchall provision of Rule 60(b), which is only available when Rules 60(b)(1)–(5) are inapplicable and when

"extraordinary circumstances" exist to warrant relief.  See Fed. R. Civ. P. 60(b)(6); Kemp v. United States, 596 U.S. 528, 533 (2022); Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002).  Frankel has not pointed to any information showing that his request to intervene was timely or that it would not prejudice the existing parties, which were the reasons that his request to intervene was improper as explained in the MTI Order.  Accordingly, Frankel has not shown that extraordinary circumstances exist warranting relief under Rule 60(b)(6).  See Bass v. Pershing, No. 25 Civ. 2478 (VEC), 2025 WL 3443269, at *2 (S.D.N.Y. Dec. 1, 2025); Jackson v. Warner Music Grp. Corp., No. 23 Civ. 10100 (LTS), 2024 WL 4362859, at *1 (S.D.N.Y. Sept. 30, 2026).

### C. Conclusion

For the reasons set forth above, the MTR is DENIED.


Dated:       New York, New York          SO ORDERED.
             May 1, 2026

_____
SARAH L. CAVE
**United States Magistrate Judge**

3